IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Randall Benderson, Trustee,      :
    et al.,
                              Case No. 2:12-cv-0525
        Plaintiffs,         :
                              JUDGE EDMUND A. SARGUS, JR.
    v.                             :
                              Magistrate Judge Kemp
Marquee Cinemas-OH, Inc.,        :
    et al.,

        Defendants.          :

ORDER

    This matter is before the Court on defendants Marquee Cinemas-OH and Marquee Cinemas, Inc.'s motion requesting an order requiring plaintiff Randall Benderson, Trustee, to appear in the Southern District of Ohio for his deposition.  Also before the Court is plaintiffs Randall Benderson, Trustee and David H. Baldauf, Trustee's corresponding motion for a protective order regarding the location of certain depositions.  Defendants have filed a memorandum in opposition to the motion for a protective order.  No other filings have been made.  For the following reasons, the Court will direct that plaintiff Randall Benderson appear in this District for his deposition.

## I.  Background

    The facts of this case have been set forth in the Court's previous orders and will not be repeated in great detail here. Further, the facts of this case are undisputed.  Plaintiffs Randall Benderson, David Baldauf, and Ronald Benderson, in their capacities as trustees of two trusts, entered into a lease agreement with Marquee Cinemas-OH, Inc.  Defendants stopped paying rent on August 1, 2005 and Marquee Cinemas alleges that it was unlawfully or constructively evicted from the property before

that time.  By December, 2005, Marquee Cinemas did not possess
the property.  In addition to the motions which are the subject
of this order, there is a pending motion for leave to file an
amended answer through which defendants seek to add a claim of
fraud in the inducement.

## II.  The Motions

Defendants have filed a motion seeking an order directing
that Mr. Benderson appear for deposition in this District.  In
their motion, defendants argue that this Court's general rule is
that the proper location of a plaintiff's deposition is in the
forum where the litigation is pending.  See Scooter Store v.
Spinlife.com, LLC, 2011 WL 2118765 (S.D. Ohio May 25, 2011).
They assert that they have twice noticed Mr. Benderson for
deposition in Ohio and that he has refused to appear.  They
contend that, if plaintiffs do not wish to have Mr. Benderson
deposed in Ohio, plaintiffs must seek a protective order and
demonstrate specifically the potential for annoyance,
embarrassment, oppression, or undue burden or expense.
Defendants assert that no such showing has been made here and
taking Mr. Benderson's deposition in this District makes economic
sense, given counsel's location.  Defendants also note that they
believe Mr. Benderson has relevant testimony to offer based on
both his presence during lease discussions and representations
that he made to defendants relating to the property.  Defendants
have provided copies of the deposition notices directed to Mr.
Benderson scheduling his deposition for October 30, 2014 and
again for December 16, 2014.

In response to this motion, Mr. Benderson and Mr. Baldauf
filed a motion for a protective order.  Through this motion these
plaintiffs seek an order requiring defendants to take not only
Mr. Benderson's deposition but also the depositions of Mr.
Baldauf and non-party Mark Chait, personally or electronically,

-2-

from their offices in University Park, Florida. According to
plaintiffs, the defendants have no absolute right to compel
nonresident plaintiffs to attend a deposition in this District.
Rather, plaintiffs argue that the deposition of a corporation by
its agents should ordinarily be taken in the location of its
principal place of business. In making this argument, plaintiffs
acknowledge that they are not a corporation, but urge the Court
to apply the principal place of business consideration by
analogy. The plaintiffs have not provided copies of a deposition
notice directed to Mr. Baldauf nor have they provided a copy of a
subpoena directed to Mr. Chait scheduling their depositions.

More to the point of their motion for a protective order,
the plaintiffs also contend that issues of cost, convenience, and
litigation efficiency weigh in favor of holding the depositions
in Florida. They have provided an affidavit from Mr. Chait which
they believe addresses these issues. On the issue of cost, which
does not appear to be an issue addressed in any detail by Mr.
Chait's affidavit, plaintiffs argue that depositions in Ohio
require three round trip airfares whereas depositions in Florida
require only two roundtrip airfares - one for each counsel. They
further suggest an intention to retain local counsel for the
depositions in Florida, thereby bringing the potential cost to
only one airfare.

With respect to the issue of convenience, plaintiffs contend
that Mr. Chait's affidavit "outlines the significant disruptions
in their day-to-day business affairs which would result from
requiring them to travel to Columbus, Ohio for depositions. Mr.
Chait addresses this issue in paragraph 10 of his affidavit,
which states, in its entirety, as follows:

> 10. That requiring Randall Benderson, David Baldauf,
> and I to travel to Columbus, Ohio for depositions in
> this case will cause significant disruption to the
> conduct of our day-to-day business affairs because we

-3-

are executives managing a business employing more than
300 individuals and commercial properties located
across the United States.

Plaintiffs also note that requiring counsel to travel to
Florida "obviously" shifts the inconvenience burden to counsel,
making the telephonic depositions they have proposed a reasonable
solution. They discount defendants' preference for in-person
depositions by contending that defendants' "newly-realized fraud-
in-the-inducement defense" is without basis and cannot support
any need to assess personally "witness honesty." Within the
context of addressing the issue of convenience, plaintiffs assert
a roughly two-page merits argument addressed to the fraud-in-the-
inducement defense which is currently the subject of defendants'
pending motion for leave to amend.

Finally, with respect to the issue of litigation efficiency,
plaintiffs contend that the focus of this consideration is on the
Court's ability to intervene to resolve disputes and the ease or
difficulty in bringing relevant documents to the deposition site.
Plaintiffs argue that the Court's intervention ability is a
neutral. On the other hand, they argue that document
accessibility "militates" in favor of the depositions being held
in Florida.

In response to the motion for a protective order, defendants
state, succinctly, that plaintiffs have provided nothing beyond
conclusory statements to support the position that traveling to
Ohio will be an undue burden or expense. Defendants contend that
plaintiffs chose to file suit in Ohio, claiming millions of
dollars of damages, and plaintiffs should be expected to appear
for depositions in this forum. Defendants request that the Court
issue an order requiring Mr. Benderson, Mr. Baldauf, and Mr.
Chait to appear in Ohio for their depositions before the end of
January, 2015.

III.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address."  This language has been interpreted as establishing a "default rule ... that the examining party 'may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place.'" <u>MEMC Elec. Materials v. Balakrishnan</u>, 2012 WL 1606053, at *2 (S.D. Ohio May 8, 2012) (Marbley, J.), <u>quoting</u> Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure §2112 (3d ed. 2012).  Under Fed.R.Civ.P. 26(c), however, the Court has wide discretion to limit discovery for good cause, including "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." <u>Lomax v. Sears, Roebuck & Co.</u>, 2000 WL 1888715, at *3 (6th Cir. 2000); <u>see also</u> <u>Scooter Store</u>, 2011 WL 2118765 at *1.

Here, defendants have not styled their motion as a motion to compel, although clearly that is the character of their motion – at least with respect to Mr. Benderson.  Regardless, the issue before the Court is that plaintiffs are seeking protection from defendants' selection of the forum.  In this circumstance, it is the plaintiffs who are required to establish that good cause exists under Rule 26(c)(1).  <u>Nix v. Sword</u>, 11 Fed. App'x 498, 500 (6th Cir. 2001); <u>see also</u> <u>Scooter Store</u>, 2011 WL 2118765 at *1; <u>MEMC</u>, 2012 WL 1606053, at *2.  Establishing good cause requires a plaintiff to demonstrate the potential for "'annoyance, embarrassment, oppression, or undue burden or expense' ... with a particular and specific demonstration of fact, as distinguished

-5-

from stereotyped and conclusory statements.'" <u>Nemir v.</u> <u>Mitsubishi Motors Corp.</u>, 381 F.3d 540, 550 (6th Cir. 2004), <u>quoting</u> <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n. 16 (1981). "'A motion for a protective order not to have a deposition at a particular site, or to compel deposition in a particular location, is considered by reviewing three factors [including] cost, convenience, and litigation efficiency of the designated location.'" <u>Scooter Store</u>, 2011 WL 2118765, at *2, <u>quoting</u> <u>Sloniger v. Deja</u>, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010).

IV. <u>Analysis</u>

At the outset, the Court notes that the record before it contains copies of deposition notices directed only to Mr. Benderson. Under this circumstance, the Court will limit its consideration of the issues raised by the parties' motions to the deposition of Mr. Benderson. In doing so, the Court finds no merit to plaintiffs' argument, made without the support of any authority, that the Court should engage in any presumption that the appropriate location for Mr. Benderson's deposition is his principal place of business located in University Park, Florida. Moreover, as other cases in this Court have noted, to the extent that any such presumption exists when a corporate plaintiff's officer is deposed, it is easily overcome by the factors of cost, convenience and litigation efficiency. <u>See</u> <u>Scooter Store</u>, 2011 WL 2118765, at *3. As explained below, that would be the situation here if the Court indulged plaintiffs' request.

Turning first to the issue of cost, the Court notes that the record is vague at best on this issue. Plaintiffs' arguments on this issue assume three depositions, but as noted only the deposition of Mr. Benderson is at issue here. Neither plaintiffs nor defendants have contended that they will be unable to bear the costs associated with Mr. Benderson's deposition. Given this

-6-

scenario, the issue of cost is a neutral at best. Consequently, the Court is not persuaded that plaintiffs have met their burden on the issue of cost.

Turning next to the issue of convenience, the Court is similarly unpersuaded that plaintiffs have met their burden. Factors relevant to this consideration are "'any hardship to counsel, the residence of deponents, and the extent to which the witness' affair might be disrupted.'" MEMC, 2012 WL 1606053, at *3, quoting Scooter Store, 2011 WL 2118765, at *2. However, a plaintiff is generally required to "'bear any reasonable burdens of inconvenience that the action represents.'" Scooter Store, at *4, quoting Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005). Certainly, it would be more convenient for Mr. Benderson to be deposed in Florida. This is not the equivalent of a demonstration of undue burden, however. Litigation, by its nature is burdensome, and Mr. Benderson is a plaintiff in an action pending in Columbus, Ohio. He should not find it outside the realm of possibility that some of his time will be required to be spent here in connection with the litigation. Further, the Court notes that the one sentence description of potential burden set forth in Mr. Chait's affidavit falls far short of any meaningful demonstration of undue burden. Rather, Mr. Chait's explanation that Mr. Benderson is an executive managing individuals and properties across the United States suggests that Mr. Benderson is an experienced business traveler and most likely has the electronic capabilities to conduct his day-to-day business affairs from the road. Additionally, as plaintiffs note, the location of the parties' counsel weighs in favor of holding Mr. Benderson's deposition in Ohio. In reaching this conclusion, the Court declines to consider plaintiffs' arguments directed to the merits of defendants' proposed fraud-in-the-inducement defense.

Finally, the issue of litigation efficiency requires the
Court to consider its ability to intervene to settle disputes
arising during the deposition and the ease or difficulty of
bringing relevant documents to the deposition.  Scooter Store,
2011 WL 2118765, at *4.  Plaintiffs do not suggest that the
Court's ability to resolve disputes is impacted by the ultimate
location of Mr. Benderson's deposition.  Rather, they argue that
documents and electronically stored information are more easily
available in Florida.  They do not contend, however, that the
transportation of any documents to Ohio is a problem.  Further,
plaintiffs do not suggest that Mr. Benderson would be unable to
remotely access necessary databases.  Without a more detailed
showing from plaintiffs, the Court finds the issue of litigation
efficiency to be neutral.

V.  Conclusion

For the reasons set forth above, the defendants' motion
(Doc. 29) is granted and the plaintiffs' motion for a protective
order (Doc. 30) is denied to the extent that plaintiff Randall
Benderson shall appear for a deposition in this District before
the end of January, 2015.

VI.  Motions for Reconsideration

Any party may, within fourteen days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01,
pt. IV(C)(3)(a).  The motion must specifically designate the
order or part in question and the basis for any objection.
Responses to objections are due fourteen days after objections
are filed and replies by the objecting party are due seven days
thereafter.  The District Judge, upon consideration of the
motion, shall set aside any part of this Order found to be
clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge